# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00440-CR

**William Dewayne Boone, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-09-0754-SB, HONORABLE BEN WOODWARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See*

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted.

We note, however, that the judgment of conviction orders appellant to pay court costs, with the notation "SEE ATTACHED BILL OF COST[S]." While a defendant's inability to pay does not bar the imposition of court costs, the bill of costs in this case includes appointed attorney's fees in the amount of $500. *See Green v. State*, No. 03-09-00718-CFR, 2010 Tex. App. LEXIS 8153, at *20-22 (Tex. App.—Austin Oct. 8, 2010, no pet.) (mem. op., not designated for publication). Before ordering a defendant to pay appointed attorney's fees, a trial court must determine that the defendant has financial resources enabling him to offset the cost of the legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The record contains no determination by the trial court that appellant has financial resources enabling him to pay attorney's fees. The record further reflects that the trial court found appellant indigent and appointed counsel to represent him at trial and again on appeal. We find no factual basis in the record to support a determination that appellant is capable of paying the ordered attorney's fees. *See Anderson v. State*, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *6 (Tex. App.—Austin July 1, 2010, no pet.) (mem. op., not designated for publication) (requiring factual basis in record to support determination that defendant is capable of paying attorney's fees). Accordingly, we modify the judgment of conviction to state that appellant is to pay court costs as reflected in the bill of costs, minus the $500 attributed to appointed attorney's fees. *See Haney v. State*, No. 07-09-0205-CR, 2010 Tex. App. LEXIS 7229, at *2 (Tex. App.—Amarillo Sept. 1, 2010, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting order to pay attorney's fees before affirming conviction in frivolous appeal under *Anders*).

The judgment of conviction is affirmed as modified.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Modified, and as Modified, Affirmed

Filed:   July 28, 2011

Do Not Publish

3